# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ROLAND JONES, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV417-191 |
| | ) | |
| JOSE MORALES, Warden, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Roland Jones is an inmate at Coastal State Prison. *See* doc. 1. He has filed this "Civil Rights/Class Action Complaint" on his own behalf and on behalf of approximately 40 other inmates. *See id.* at 1-2. He also seeks leave to purse the class action *in forma pauperis*. Doc. 2. Since the Prison Litigation Reform Act (PLRA) does not allow prisoners to pursue joint claims *in forma pauperis*, the Complaint should be **DISMISSED without prejudice**.

In an ordinary civil case, multiple plaintiffs may join a single Complaint if they seek common relief "arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ." Fed. R. Civ. P. 20(a). Very large groups may join together, if they can demonstrate satisfaction of certain prerequisites, in a class action. *See*

Fed. R. Civ. P. 23. Prisoner / plaintiffs' ability to proceed jointly, when all seek to proceed IFP, is limited by the Prison Litigation Reform Act (PLRA). *See Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001). Because the PLRA requires that each prisoner pay the full filing fee, multi-plaintiff actions are not permitted. *See id.* at 1198 ("Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action . . . ."); *see also Bownes v. Turner Guilford Knight Detention*, 510 F. App'x 863, 864 (11th Cir. 2013) (noting that *Hubbard* rule applies regardless of the nature of the claim asserted); *Patchen v. Evans*, 2017 WL 2728208 at * 3 (S.D. Ga. June 23, 2017) ("Eleventh Circuit law clearly prohibits multiple prisoner-plaintiffs from proceeding *in forma pauperis* in the same civil action.").[1]

Accordingly, plaintiffs' request to proceed IFP (doc. 2) should be **DENIED**, and their Complaint should be **DISMISSED without**

---

[1] The fact that this group Complaint purports to seek certification as a class action is irrelevant. The PLRA is no more amenable to an IFP class action than it is to a joint action by multiple prisoners. *See Garcia v. McNeil*, 2010 WL 4818067 at * 1 (N.D. Fla. Nov. 22, 2010) (explaining that aggregation of plaintiffs, whether under Rule 20 or 23, equally violates the PLRA's filing fee requirement). Further, whether pursued IFP or not, a *pro se* prisoner may not represent other inmates in a class action. *See Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (quotes, alterations, and cite omitted) ("It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

2

**prejudice**. If any plaintiff wishes to pursue his claim individually, he must submit his own Complaint and individually move to proceed IFP or pay the full filing fee.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>17th</u> day of October, 2017.

                                           */s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA